HENRY K. ROSENBAUM et al., Respondents, *v.* HERMAN
SCHATIA, Appellant.

(Argued October 6, 1936; decided November 24, 1936.)

*I. Maurice Wormser* and *Alexander Kahn* for appellant.

*Jacob Greenwald* and *Gordon S. P. Kleeberg* for respondents.

CRANE, Ch. J. This action is based upon a written agreement entered into between the plaintiffs and the defendant. The plaintiffs had an ironing board cover which they desired to place upon the market through the forming of a corporation to manufacture and sell the same. The contract recited that Rechnitzer and Rosenbaum were the designers and inventors of this article, known as E-Z-ON ironing board cover, and were about to apply for letters patent. It is alleged that the other plaintiff, Fenn, was interested in the cover. As capital was required to manufacture and sell E-Z-ON the contract was made with the defendant to procure credit. The

parties agreed to form a corporation under the laws of the State of New York, to be known as Ezon Corporation. Rosenbaum was to be president; Rechnitzer, vice-president; Frances M. Parker, treasurer, and Frank Borut, secretary. Upon the organization of the corporation the trade-mark and patents were to be transferred to it, and the corporation was to issue one hundred shares of common stock of no par value, to Rechnitzer twenty-eight shares, Rosenbaum twenty-eight shares, Fenn nineteen shares, Herman Schatia or his nominee twenty-five shares. Rechnitzer and Fenn agreed to purchase twenty shares for $2,000. The twenty-five shares issued to Schatia were to be held in escrow. Paragraphs 5, 6 and 7 are quoted in full as they contain all of the defendant's agreement to furnish money:

" 5. The party of the second part agrees to finance purchases and obtain credit on behalf of the corporation for the carrying on of the corporation's business and for the necessary materials to manufacture two hundred (200) gross of the said covers and deliver the materials to the corporation at the cost price which is to be repaid to the Second party as provided in paragraph ' 6 ' hereof or in the alternative to have the corporation purchase the same and the said party of the second part will finance, provide for ample credit and guarantee the purchase price to the sellers.

" 6. The corporation shall then proceed to manufacture two hundred gross of the said E-Z-ON covers and sell the same. The monies on hand the monies realized on the sale of the said merchandise, shall be paid in the following order:

"A. The cost of labor and all other expenses including operating expenses, sales, merchandising, incidental and necessary expenses in the manufacture and sale of the merchandise.

" B. The cost of the material financed by Herman Schatia on behalf of said corporation or to the creditors guaranteed by Herman Schatia in the purchase of said materials for the corporation. * * *

"7. During the period of the manufacture and sale of the said two hundred gross of E-Z-ON covers, the corporation shall maintain an office at No. 1 West 34th Street, New York City, at a monthly rental of $60.00, a stenographer at the salary of $18.00 a week, and the usual telephone and other services as well as advertising. Beginning with the week of March 12th, 1934, the parties of the first part shall each receive a salary of $40.00 a week from the corporation which shall be figured as an expense.

" It is understood that for the first six months of the first year this contract is in force the parties of the first part shall each receive a salary of $40.00 per week, and that thereafter any proposition concerning any increases shall be decided by the Board of Directors."

The plaintiffs have sued for breach of this contract, alleging, " the defendant agreed for one year to finance the said enterprise and pay all its expenses inclusive of at least forty dollars per week salary to each of the plaintiffs herein, for a period of one year beginning with the week of March 12, 1934, and the plaintiffs were to devote their time and attention to the enterprise. Plaintiffs beg leave to refer to the original of said contract upon the trial of this action for greater particularity as to its contents."

We can find nothing whatever in the contract wherein the defendant agreed to pay all the expenses of the enterprise, inclusive of at least forty dollars per week salary to each of the plaintiffs herein. Paragraph 5 states the defendant's obligation. He agrees to finance purchases and obtain credit on behalf of the corporation for carrying on the business and for the necessary materials to manufacture two hundred gross of said covers. This is the extent of the defendant's obligation. Nowhere do we find that he agreed to pay any salaries to these men, or to pay all the expenses of the corporation; in fact, it will be noted that in paragraph 6 it is said that the

monies realized on the sale of the merchandise shall be paid in the following order, first, the cost of labor and all other expenses, including operating expenses, and after these are paid, the cost of the material "financed by Herman Schatia on behalf of said corporation." Further will it be noted that in paragraph 7 it is provided that the plaintiffs shall receive forty dollars a week "from the corporation which shall be figured as an expense." Referring back to subdivision A of paragraph 6, it will be seen that the expenses are paid out of monies realized on the sales of merchandise. The plaintiffs' allegations in the complaint are not supported by the written contract.

In submitting this case to the jury the judge charged that if the defendant had broken his contract these plaintiffs could recover damages measured by the extent of their salaries, which was to be a part of the expense of the corporation which the defendant agreed to finance. This was error, as the defendant undertook no such obligation. Motions made by the defendant to dismiss the complaint at the end of the case were sufficient to raise this point. Also, exception was taken to the judge's charge as follows: " I except to your Honor's charge as to the measure of damages being the $40 a week; and I ask your Honor to charge that the damages should be measured by the profits which plaintiffs may be able to show with reasonable certainty were lost to them by the breach."

The defendant has not failed to meet his obligation to finance the corporation in the purchase of materials or to furnish credit for the corporate business. All through the contract the emphasis is laid upon the fact that his undertaking is to the creditors " in the purchase of materials for the corporation." The salary of these plaintiffs was to come out of the earnings, not out of the defendant. Whatever may have been done by the defendant under this contract in paying the plaintiffs or

in furnishing money for the corporation does not extend or enlarge his obligation now that the parties have come into a court of law. We are bound by the writing and the fair interpretation of it.

Counsel has laid much stress in his argument and brief upon the measure of damage and has said little about the meaning of the contract. We feel that as the point was sufficiently raised upon the trial and the measure of damage necessarily includes the statement which the judge made regarding the defendant's obligation to pay salaries, we have the question before us for decision.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.